```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HANNAH GLANZMAN,

                         Plaintiff,
                                                          Docket No: 23-CV-8191
         - against-
                                                          **Complaint**

BROOKDALE HOSPITAL MEDICAL                                **JURY TRIAL DEMANDED**
CENTER, TRACY WILLIAMS, and
SHARON CORBIN

                         Defendants.
------------------------------------------------------------------------x
```

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Hannah Glanzman ("Ms. Glanzman"), by and through her undersigned counsel, Brustein Law, PLLC and Risman & Risman P.C., as and for her Complaint in this action against Defendants Brookdale Hospital Medical Center ("Brookdale" or "Hospital"), Tracy Williams ("Ms. Williams"), and Sharon Corbin (Ms. Corbin") collectively referred to as "Defendants," hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices and/or retaliation and/or failure to accommodate committed against Plaintiff, including Defendants' discriminatory treatment, and/or unlawful retaliation of Plaintiff, due to her religion and/or her complaints of and/or opposition to discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), due to violating her rights to be free from race discrimination and retaliation under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Section 1981"), due to discrimination, retaliation, and failure to accommodate under the New York State

Human Rights Law, New York Executive Law §§ 290 et seq. (the "NYSHRL"), and due to discrimination, retaliation, and failure to accommodate under and the New York City Human Rights Law, New York Administrative Code §§ 8-101 et seq. (the "NYCHRL").

## PRELIMINARY STATEMENT

2. This action arises from the hostile work environment, discrimination against the Plaintiff based on religion and race, and retaliation that Plaintiff endured as an employee of Defendant Brookdale, working under the supervision of Defendant Williams, and Defendant Corbin, who, at the time of Plaintiff's employment through her discriminatory termination, were a nurse educator and the acting head of the nurse educators, respectively.

3. Plaintiff is an observant Jewish person and is a member of a protected class.

4. Plaintiff's religion is Judaism and Plaintiff is a member of the Jewish race.

5. Defendants' discriminatory and retaliatory conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff's rights, warranting an award of punitive damages. Such conduct has caused, and continues to cause Plaintiff to suffer substantial monetary damages, permanent harm to her professional and personal reputation and/or severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and Section 1981. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein,

occurred in this district.

# PARTIES

**(a) Ms. Glanzman**

8. Ms. Glanzman is 24-year-old Jewish female, and a resident of the State of New York, Kings County. At all relevant times, she met the definition of an "employee" under all applicable statutes.

9. Ms. Glanzman at all relevant times was a resident of Kings County and State of New York. Ms. Glanzman was hired by Brookdale as a registered nurse for the surgical intensive care unit ("SICU") on or about July 8, 2021.

10. At the time of her hiring, Ms. Glanzman told Nancy Rizzuto, the Director of Critical Care for Brookdale that she was a Jewish Sabbath observer and could not work on the Sabbath or any Jewish holidays.

11. Ms. Rizzuto told Plaintiff that it was not a problem and Brookdale would work around that.

12. It is alleged that Defendants engaged in unlawful employment practices that violated Ms. Glanzman's rights under the NYSHRL, the NYCHRL, and Title VII and Section 1981.

**(b) Brookdale**

13. At all relevant times herein, Brookdale is a New York corporation, authorized to do business in the State of New York, having a principal place of business at 1 Brookdale Place, Brooklyn, New York 11212.

14. Upon information and belief, Brookdale is a hospital.

15. At all relevant times, Brookdale was Plaintiff's employer as defined by § 292 of the New York Executive Law.

16. Defendants, collectively and individually, are "employers" within the meaning of the NYSHRL the NYCHRL, Title VII, and Section 1981.

17. Upon information and belief, Brookdale can sue and be sued.

18. At all relevant times, Brookdale employed more than fifteen employees and constituted an "employer" within the meaning of the NYSHRL, the NYCHRL, Title VII and Section 1981.

### (c) Tracy Williams

19. Upon information and belief, at all relevant times herein, Defendant Williams served as an agent and/or contractor of Brookdale for purposes of the NYSHRL, the NYCHRL, Title VII and Section 1981. At all relevant times, Ms. Williams was a nurse educator.

20. Upon information and belief, at all relevant times herein, Defendant Williams is a resident of the State of New York.

21. Upon information and belief, at all relevant times herein, Defendant Williams had supervisory authority over Plaintiff.

### (d) Sharon Corbin

22. Upon information and belief, at all relevant times herein, Defendant Corbin served as an agent and/or contractor of Brookdale for purposes of the NYSHRL, the NYCHRL, Title VII and Section 1981. Defendant Corbin was the acting head nurse educator.

23. Upon information and belief, at all relevant times herein, Defendant Corbin is a resident of the State of New York.

24. Upon information and belief, at all relevant times herein, Defendant Corbin had supervisory authority over Plaintiff.

## PROCEDURAL REQUIREMENTS

25. On or about August 3, 2022, Ms. Glanzman filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII. Her charge arises out of the same facts alleged herein.

26. On or about September 6, 2023 Ms. Glanzman received a notice of her right to sue issued by the EEOC in connection with her previously filed charge of discrimination. This Complaint has been filed within 90 days of Plaintiff's receipt of his right to sue notice from the EEOC.

27. Prior to the commencement of this action, a copy of Plaintiff's Complaint was served on both the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

28. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

29. On July 8, 2021, Plaintiff was hired as a registered nurse at Brookdale.

30. While Plaintiff had applied to be a nurse in the Emergency Department, Brookdale had offered her a position in the SICU.

31. Plaintiff accepted her placement in the SICU.

32. At the time she was hired, Plaintiff told Ms. Rizzuto that she was a Jewish Sabbath observer and was unable to work on the Sabbath or other Jewish holidays.

33. Ms. Rizzuto said that Brookdale would accommodate her religious observance and to request an accommodation from the nurse educator when she started.

34. Brookdale Human Resources also delayed her onboarding until November 16, 2021, after the Jewish holidays.

35. On Tuesday, November 16, 2021, Defendant Williams was assigned to be Plaintiff's Nurse Educator for the six-week onboarding training that Plaintiff had to undergo at Brookdale.

36. Plaintiff was wearing long sleeves under her scrubs and a long skirt over her scrubs because she was not yet assigned to a floor, interacting with patients.

37. Plaintiff told Defendant Williams that human resources had told her to let Defendant Williams know that she was a Jewish Sabbath observer and she needed an accommodation for the Jewish Sabbath.

38. Defendant Williams responded, "that's not how it works. I'm not going to make up the training that you miss, you just have to be here."

39. On Friday, November 19, 2021, Plaintiff asked Defendant Williams if she could leave early for the Sabbath.

40. Defendant Williams grumbled at Plaintiff, clearly unhappy with the request, but allowed her to leave early.

41. On November 23, 2021, when Plaintiff was alone in an elevator with her, Defendant Williams said to Plaintiff, "You will never make it as a nurse" and proceeded to tell her that she should not have chosen this unit.

42. When they exited the elevator on the SICU, instead of showing her around, Defendant Williams told Plaintiff to do a "scavenger hunt" and walked away without giving her anything to actually look for or anything to do.

43. That afternoon, Plaintiff was given access to the Hospital's computer programs ECCO and EPIC.

44. While Plaintiff was logging into the computer, Defendant Corbin for no apparent reason, came up to her and said: "The training schedule is Monday through Friday from 8am to 4pm and it is impossible for you to leave early every Friday. There are Jews that work in the hospital on Fridays and Saturdays. There is no reason why you should be any different."

45. Plaintiff had never discussed her schedule with Defendant Corbin and Plaintiff had not even been discussing her schedule with anyone that day.

46. Upon information and belief, Plaintiff was the only Jewish person in the training program.

47. Upon information and belief, Plaintiff was the only person in her training program who was a Jewish Sabbath observer.

48. On Friday, November 26, 2021, when all of the other nurses in the training program had received their assignments, but she had not, Plaintiff asked Defendant Williams what Plaintiff's unit assignment would be, Defendant Williams responded, that she would just be staying in the library.

49. Later that morning, when Plaintiff completed her work on the computer in the library, Ms. George took Plaintiff up to the SICU, but the charge nurse told them that they did not want Plaintiff there and to send her home.

50. Ms. George sent Plaintiff home for the day.

51. On Tuesday, November 30, 2021, Defendant Williams had Plaintiff do a series of exams that none of the other nurses in the training program were required to do.

52. On December 1, 2021, Defendant Williams told Plaintiff that she would begin her assignment on the floor in two weeks and she would be working Monday night, Tuesday Night, and Friday night.

53. Plaintiff again told Defendant Williams that she could not work the Friday night shift because she was an observant Jewish person and that was the Jewish Sabbath.

54. Plaintiff also asked why she had been assigned overnight shifts since human resources had told her that night shifts didn't start until the sixth week of the training.

55. Defendant Williams responded, "That's how it works out. Someone needs to be sacrificed."

56. Defendant Williams told Plaintiff that since she wouldn't do the Friday night shift, instead of shadowing a nurse on the unit, she could spend 12 hours in the library working on the Essentials of Critical Care Orientation program (ECCO) on a Thursday overnight shift.

57. Upon information and belief, no one else was asked to do an overnight shift at the library working on ECCO.

58. On Thursday, December 2, 2021, after being given exams to complete, Plaintiff completed them, and told Defendant Williams that she had completed the exams she had been assigned earlier in the week.

59. Defendant Williams said it was impossible to have finished them already and had Plaintiff redo the exams.

60. On Monday December 6, 2021, Plaintiff was informed that the library closed at 7 p.m.

61. Plaintiff asked Ms. Santino, another nurse educator how her schedule would change if she couldn't be in the library after 7 p.m. since Defendant Williams had assigned her an overnight shift in the library.

62. Ms. Santino told her that there was no reason to be doing ECCO for 12 hours and she should speak to her nurse educator.

63. Plaintiff then told Ms. Santino that she wanted to report Defendant Williams to human resources based on Defendant Williams' hostile treatment toward her.

64. Ms. Santino told Plaintiff not to go to human resources and that she would speak to Defendant Williams for her.

65. Then Defendant Corbin told Plaintiff to come to her office.

66. When Plaintiff arrived at Defendant Corbin's office, Defendant Williams was there as well as several other nurse educators.

67. Defendant Corbin asked Plaintiff about the ECCO training and Plaintiff told her that she had completed it.

68. Defendant Corbin told her that it was impossible and called her a "liar."

69. Defendant Corbin then confronted Plaintiff about reporting Defendant Williams to human resources and asked her, while Defendant Williams was present, if Plaintiff had a "problem" with one of Defendant Corbin's nurse educators.

70. Plaintiff told Defendant Corbin that she did not feel comfortable discussing it.

71. On Wednesday, December 8, 2021, Defendants called Plaintiff into the office and told her that she had two hours to complete a new exam.

72. This exam had not been given to any of the other nurses in the training.

73. This exam was given to Plaintiff in retaliation for her saying she intended to go to human resources to report Defendant Williams.

74. On Thursday December 9, 2021, Defendant Corbin directed Plaintiff to report to her office the following day at 11:30 a.m.

75. On Friday, December 10, 2021, Plaintiff arrived on time for her 11:30 a.m. meeting with Defendant Corbin.

76. At 12:15 p.m., Defendant Corbin finally called Plaintiff into her office where Defendant Williams and Sharon Jameson were waiting.

77. Defendants told her that Plaintiff had failed the exam and she was being terminated.

78. Defendantt Corbin told her that she was "not smart enough for the job."

79. At that meeting, Plaintiff's identification badge was taken and Defendant Corbin told Plaintiff, not to return to Brookdale saying: "Never return to Brookdale because you will never have a job here."

AS FOR THE FIRST CAUSE OF ACTION

(Discrimination and Harassment in Violation of Title VII as Against Brookdale)

80. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

81. Defendant Brookdale has discriminated against Plaintiff on the basis of her religion in violation of Title VII by denying her the same terms and conditions of employment available to employees who are not Jewish, including but not limited to, subjecting her to disparate working conditions, obscenities and unfair discipline, denying her terms and conditions of employment equal to that of employees who are not Jewish.

82. Defendant Brookdale has also discriminated against Plaintiff on the basis of her religion, in violation of Title VII by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, severe and pervasive discrimination and harassment committed against Plaintiff.

83. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages.

84. As a direct and proximate result of Defendant Brookdale's unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and

anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

85. Defendant Brookdale's unlawful and discriminatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## AS FOR A SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII Against Brookdale)

86. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

87. Defendant Brookdale has retaliated against Plaintiff by, inter alia, by terminating her employment, in violation of Title VII, for her opposition to discriminatory practices directed towards her.

88. As a direct and proximate result of Defendant Brookdale's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

89. As a direct and proximate result of Defendant Brookdale unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish andemotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

90. Defendant Brookdale's unlawful retaliatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages against Defendant Brookdale.

## AS FOR A THIRD CAUSE OF ACTION

(Religious and Race Discrimination and Harassment in Violation of New York State Human Rights Law Against All Defendants)

91. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

92. Defendants have discriminated against Plaintiff on the basis of her religion and her race, in violation of the New York State Human Rights Law by denying to her the equal terms and conditions of employment, including but not limited to subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment.

93. Defendants have also discriminated against Plaintiff on the basis of her religion and her race in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, the discrimination and harassment of Plaintiff.

94. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

95. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

AS FOR THE FOURTH CAUSE OF ACTION

(Retaliation in Violation of New York State Human Rights Law Against All Defendants)

96. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

97. Defendants have retaliated against Plaintiff by, inter alia, interfering with the performance of her job, all in violation of the New York State Human Rights Law for her opposition to discriminatory practices directed toward her, and/or her participation in lodging complaints about such discriminatory practices.

98. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

99. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## AS FOR THE FIFTH CAUSE OF ACTION

(Aiding and Abetting Violations of New York State Human Rights Law

Against Defendants Williams and Corbin)

100. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

101. Defendants Williams and Corbin knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, harassment and retaliation against Plaintiff in violation of the New York State Human Rights Law.

102. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss of future income, compensation and benefits

for which he is entitled to an award of damages.

103. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

AS FOR THE SIXTH CAUSE OF ACTION

(Religious and Race Discrimination and Harassment in Violation of New York City Human Rights Law Against All Defendants)

104. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

105. Defendants have discriminated against Plaintiff on the basis of her religion and her race in violation of the New York City Human Rights Law by denying her equal terms and conditions of employment, including but not limited to subjecting her to disparate working conditions, and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment.

106. Defendants have also discriminated against Plaintiff on the basis of her religion and her race in violation of the New York City Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive discrimination and harassment committed against Plaintiff.

107. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages.

108. As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of damages.

109. Defendants' unlawful discriminatory actions and harassment constitutes malicious, willful and wanton violations of New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## AS FOR THE SEVENTH CAUSE OF ACTION

(Retaliation in Violation of New York City Human Rights Law Against All Defendants)

110. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

111. Defendants have retaliated against Plaintiff by, inter alia, interfering with the performance of her job all in violation of the New York City Human Rights Law for her opposition to discriminatory practices directed toward her, and/or her participation in lodging complaints about such discriminatory practices.

112. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of future income, compensation and benefits for which she is entitled to an award of damages.

113. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

114. Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## AS FOR THE EIGHTH CAUSE OF ACTION

(Aiding and Abetting Violations of New York City Human Rights Law

Against Defendants Williams and Corbin)

115. Plaintiff hereby repeats, reiterate and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

116. Defendants William and Corbin knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, harassment and retaliation against Plaintiff in violation of the New York City Human Rights Law.

117. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss future income, compensation and benefits for which she is entitled to an award of damages.

118. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

119. Defendants' unlawful actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages.

## AS FOR THE NINTH CAUSE OF ACTION

(Discrimination and Harassment in Violation of Section 1981 against all Defendants)

120. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

121. Defendants have discriminated against Plaintiff on the basis of her race in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are

of not of the Jewish race, including but not limited to, subjecting her to disparate working conditions, and denying her the terms and conditions of employment equal to that of employees who are not of the Jewish race, and unlawfully terminating Plaintiff's employment.

122. Defendants have also discriminated against Plaintiff on the basis of her race, in violation of Section 1981 by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, severe and pervasive discrimination and harassment committed against Plaintiff.

123. As a direct and proximate result of the Defendants' unlawful discriminatory conduct and harassment in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, compensation and benefits for which she is entitled to an award of damages.

124. As a direct and proximate result of the Defendants' unlawful discriminatory conduct and harassment in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

125. Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

AS AND FOR A TENTH CAUSE OF ACTION

(Retaliation in Violation of Section 1981)

126. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

127. Defendants have retaliated against Plaintiff by, inter alia, by interfering with the performance of her job, and by ultimately terminating Ms. Glanzman's employment, all in violation of Section 1981 for her opposition to discriminatory practices directed toward her, and/or her participation in lodging complaints about such discriminatory practices.

128. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

129. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

130. Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in their favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, the State of New York, and the City of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in the position they would have occupied but for Defendants' discriminatory and retaliatory treatment and otherwise unlawful conduct, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices

are eliminated and do not continue to affect her employment and personal life;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 1, 2023
New York, New York

                              Brustein Law, PLLC.
                              *Counsel for Plaintiff*

                              By:     */s/ Evan Brustein*
                                      Evan Brustein, Esq.

299 Broadway, 17th Floor
New York, New York 10007
T. (917) 769-8748
F. (212) 285-0531
E. evan@brusteninlaw.com

Maya Risman, Esq.
Risman & Risman, P.C.
299 Broadway, 17th Floor
New York, New York 10007
T. (212) 233-6400
F. (212) 233-6406
E. mrisman@risman-law.com